UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KAREN KELLY

          Plaintiff,

                                          Case No. 11-11790

v.

                                          Hon. Lawrence P. Zatkoff

MOUNT CLEMENS REGIONAL MEDICAL
CENTER, and PATRICIA KING,

          Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 22nd of May, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on *pro se* Plaintiff's Motion to Allocate Attorneys' Fees

Resulting from Settlement and Resolve Competing Attorneys' Liens (Docket #31).  Nanette L.

Cortese, Esq. and The Cortese Law Firm, P.L.C., the only attorney/law firm to file an appearance

on behalf of Plaintiff in this Court (collectively, "Counsel"), filed a response.  Defendants filed a

response indicating that it took no position on the Motion.  No other interested person filed a

response. Plaintiff filed a reply.  The Court finds that the facts and legal arguments pertinent to the

Motion are adequately presented in the parties' papers, and the decision process will not be aided

by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED

that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining

oral arguments.  For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## II.  BACKGROUND

The parties settled this case for $8,000.00 in April 2012, approximately five months after the Court granted Counsel's motion to withdraw from representation of Plaintiff.  Counsel's motion to withdraw was granted due to Plaintiff's failure to pay outstanding legal fees.  Plaintiff's outstanding legal fees were $1,654.30 prior to the time Counsel began the process of preparing motions to withdraw in this case and a related state court action.  Counsel incurred additional fees and costs related to withdrawal proceedings, resulting in a total amount claimed of $2,613.37.

Subsequently, Plaintiff filed a motion to strike the attorney lien that Counsel had asserted against Plaintiff at the time of Counsel's withdrawal from representation of Plaintiff.  Plaintiff contended that Counsel's attorney's lien should be struck, and prior payments refunded, for the following reasons: (1) Counsel's negligence resulted in Plaintiff's complaint being filed after the expiration of the applicable statute of limitations period, and (2) Counsel abandoned Plaintiff at a critical stage of the litigation, essentially without notice.  The Court found those arguments wholly lacking in merit, concluding that Counsel was not negligent with respect to the timing of filing the Complaint, and Counsel did not abandon Plaintiff.  Therefore, the Court: (a) held that Plaintiff was not entitled to an order from this Court to strike the attorney lien filed by Counsel or a refund of any amounts Plaintiff previously paid Counsel, and (b) denied Plaintiff's motion to strike attorney lien.

Plaintiff has now filed a motion to allocate attorney fees from the $8,000 settlement between Counsel and "Robert M. Barnes, Esq. And Marcus & Shapira LLP (together, "M&S")."  Plaintiff asserts that she retained M&S on a straight 25% contingency fee basis in early February 2012 after

Counsel withdrew and she "was unable to find an attorney who was willing to represent her."  In

an affidavit of Mr. Barnes attached to Plaintiff's reply brief, Mr. Barnes states that he is Plaintiff's

brother and an attorney at M&S.  Mr. Barnes' affidavit and the invoices of M&S indicate that

M&S's fees and expenses related to representation of Plaintiff exceed $24,000.00.  Plaintiff asks the

Court to enter an order allocating the $2,000.00 in attorney fees resulting from the settlement as

follows: $1,600.00 to M&S and $400.00 to Counsel and directing that their attorney liens be

satisfied in full by their receipt of such payments.  Counsel asks the Court to award it "the entire

$2,000.00 in attorneys' fees as requested by [Plaintiff] be awarded to [Counsel] as satisfaction of

its lien in this matter."

### III.  ANALYSIS

The Court previously ruled that Counsel is entitled to attorney fees under the fee

agreements Plaintiff entered into with Counsel, as set forth in the Opinion denying Plaintiff's motion

to strike attorney lien (*See* Docket #30).  To the extent Plaintiff entered into a contractual agreement

with M&S after Counsel withdrew (which agreement M&S entered into knowing that Plaintiff had

a prior contractual agreement–or two–with Counsel), that is a matter for Plaintiff and M&S to

address elsewhere, *i.e.*, not through this Court.

 Plaintiff's motion to allocate attorneys' fees suggests that the Court enter an order awarding

$2,000.00 in attorney fees, as it is 25% of the settlement amount in this case.  The Court notes that

this is also less than the amount Counsel claims Plaintiff owed Counsel at the time the Court

discharged Counsel's representation of Plaintiff, *i.e.*, $2,613.37).  In its response brief, Counsel asks

for the "entire $2,000.00 in attorneys' fees," notwithstanding Counsel's claim that Plaintiff owed

Counsel $2,613.37 at the time the Court discharged Counsel's representation of Plaintiff.  As

Counsel has asked the Court to award Counsel $2,000.00 as satisfaction of its lien in this matter –

and Plaintiff has acknowledged that $2,000.00 is an appropriate portion of the settlement award to

pay out in attorney fees–the Court hereby: (a) awards Counsel $2,000.00 in complete and total

satisfaction of any outstanding amounts owed by Plaintiff to Counsel, and (b) orders Plaintiff to pay

Counsel $2,000.00 within 30 days of the date of this Opinion and Order.  Upon Plaintiff's payment

of $2,000.00 to Counsel (which shall be made payable to "The Cortese Law Firm, PLC"), Counsel's

attorney lien shall be satisfied in full.

For the reasons set forth above, Plaintiff's motion to allocate attorneys' fees is: (1)

DENIED insofar as Plaintiff sought to have this Court award any portion of the settlement amount

to M&S or to limit the amount of the settlement awarded to Counsel to $400.00; and (2) GRANTED

insofar as Plaintiff sought to avoid paying Counsel in excess of $2,000.00 in attorney fees on the

outstanding balance Plaintiff owed to Counsel.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's

Motion to Allocate Attorneys' Fees Resulting from Settlement and Resolve Competing Attorneys'

Liens (Docket #31) is GRANTED IN PART and DENIED IN PART.  IT IS FURTHER ORDERED

that Plaintiff shall pay Counsel the amount of $2,000.00 (made payable to "The Cortese Law Firm,

PLC")so, within 30 days of the date of this Opinion and Order.  IT IS FURTHER ORDERED that,

upon the payment of the $2,000.00 from Plaintiff to Counsel, Counsel's attorney lien shall be satisfied in full.

      IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**Dated: May 22, 2013**